[Civ. No. 35241. First Dist., Div. Four. Feb. 23, 1976.]

SAN LEANDRO POLICE OFFICERS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
CITY OF SAN LEANDRO et al., Defendants and Appellants.

554

## COUNSEL

Carroll, Burdick & McDonough and Christopher D. Burdick for Plaintiffs and Appellants.

Glenn A. Forbes, City Attorney, and Lyle L. Lopus, Assistant City Attorney, for Defendants and Appellants.

## OPINION

CHRISTIAN, J.—The San Leandro Police Officers Association, Local 55 of the International Association of Firefighters, AFL-CIO, and several employees of the police and fire departments of the City of San Leandro brought this action against the City of San Leandro and several of its officers, seeking a writ of mandate to compel the city council to enact an ordinance to grant the same benefits to the claimants as had previously been provided for all other management employees. The police and fire organizations also sought general damages of $25,000 each and attorneys fees. A motion by the city for judgment on the pleadings was granted as to the causes of action seeking damages.

After trial, the court made findings and rendered a judgment for issuance of a peremptory writ of mandate; the claimants were awarded

$1,500 for attorneys fees. The writ requires the City Council of the City of San Leandro to enact legislation with retroactive effect granting the individual respondents the benefits of the 3 percent salary and benefit program previously instituted by the city council for other management employees.

Both sides have appealed.

The Police Officers Association is an unincorporated association organized pursuant to Government Code section 3508, and is the bargaining representative of the officers and men of the San Leandro Police Department within the job classifications of patrolman, sergeant, lieutenant, and captain. Local 55 is an organization organized pursuant to Labor Code sections 1960-1963, and is the bargaining representative of the officers and men of the San Leandro Fire Department within the job classifications of fireman, engineer, lieutenant, battalion chief, deputy chief, and assistant chief. The claimants who appeared individually were management-level employees in the fire and police departments.

The City Council of the City of San Leandro adopted a resolution to implement the Meyers-Milias-Brown Act.* The resolution designated the classifications of police lieutenant, police captain, deputy fire chief, fire battalion chief, and assistant fire chief, as "management positions." Thereafter, the city determined to create a "deferred management compensation program," under the terms of which "management employees" of the City of San Leandro, except members of the police and fire organizations, would receive a benefit amounting to approximately 3 percent of their base salary. The deferred management compensation program was established by the city council by the adoption of a civil service rule which was made effective retroactive to April 1, 1972.

The decision to exclude members of the police and fire organizations from the benefits of the deferred management compensation program was protested. The city manager responded in a memorandum directed to each of the affected individuals which stated in pertinent part: "The City Council feels it was made clear to you that in your choosing to be represented by your respective associations, you would not additionally be eligible for salary and benefit programs developed for management personnel not represented by formally recognized employee organiza-

---

*Government Code sections 3500-3510.

tions." All of the management employees of the City of San Leandro who had elected not to be represented by an employee organization, including the chief of the fire department and the chief of the police department, have received the benefits of the city's deferred management compensation program.

During the summer of 1972, the two organizations repeatedly requested that city officials meet and confer with them on the issue of providing the benefits of the program to management employees who were members of both employee organizations. The city officials did not agree to such a meeting.

The city contends that the court lacked jurisdiction to direct the city council to enact specific legislation. ■ The general rule is that the fixing of compensation for city employees is a municipal legislative function. (Cal. Const., art. XI, § 5; *Sanders* v. *City of Los Angeles* (1970) 3 Cal.3d 252, 262 [90 Cal.Rptr. 169, 475 P.2d 201]; *Alameda County Employees' Assn.* v. *County of Alameda* (1973) 30 Cal.App.3d 518, 531 [106 Cal.Rptr. 441]; see also *City and County of S. F.* v. *Boyd* (1943) 22 Cal.2d 685, 690 [140 P.2d 666].) However, local legislation may not conflict with statutes such as the Meyers-Milias-Brown Act which are intended to regulate the entire field of labor relations of affected public employees throughout the state. (See *Professional Fire Fighters, Inc.* v. *City of Los Angeles* (1963) 60 Cal.2d 276, 289-295 [32 Cal.Rptr. 830, 384 P.2d 158].)

The Meyers-Milias-Brown Act allows public employees to organize themselves: "Except as otherwise provided by the Legislature, public employees shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations. Public employees also shall have the right to refuse to join or participate in the activities of employee organizations and shall have the right to represent themselves individually in their employment relations with the public agency." (Gov. Code, § 3502.) The Act protects public employees in the free exercise of choice in deciding whether to join public employee organizations: "Public agencies and employee organizations shall not interfere with, intimidate, restrain, coerce or discriminate against public employees because of their exercise of their rights under Section 3502." (Gov. Code, § 3506.)

■ Under the plan adopted by the city council, all nonorganized management employees were to receive an additional 3 percent of

their monthly salary as a "management incentive," but the benefit was withheld from those management employees who had determined to exercise their rights under the Meyers-Milias-Brown Act and join an employee organization. That action by the city interfered with and discriminated against a group of employees by reason of their decision to exercise their right to participate in employee organizations, thereby violating Government Code section 3506.

Although the judgment calls for the city council to adopt certain legislation, it does not direct the city council to exercise its discretion in any particular manner. The judgment and writ must be understood as leaving it open to the city council to eliminate the discrimination by any lawful means. The city council remains free to extend or eliminate the management incentive program, but it may not discriminate among its employees for exercising their rights under the Meyers-Milias-Brown Act. It was proper to compel by means of a writ of mandate action to correct the existing unlawful practice. (Cf. *Glendale City Employees' Assn.* v. *City of Glendale* (1975) 15 Cal.3d 328, 343-345 [124 Cal.Rptr. 513, 540 P.2d 609].)

■ The city contends that the award of attorneys fees to the claimants was improper. Government Code section 800 provides for the payment of reasonable attorneys fees, not exceeding $1,500, to the complaining party by a public entity where it is shown in any civil action to review the results of "any administrative proceeding" that those results were arbitrary or capricious. But, "The fixing of compensation for public employees is a legislative function." (*Alameda County Employees' Assn.* v. *County of Alameda, supra,* 30 Cal.App.3d 518, 531; see also *Sanders* v. *City of Los Angeles, supra,* 3 Cal.3d 252, 262.) The adoption of the resolution establishing the compensation plan did not constitute an "administrative proceeding" as specified in Government Code section 800; the award of $1,500 attorneys fees to respondents was unauthorized.

■ The police and fire organizations cross-appeal, contending that it was error to grant a judgment on the pleadings in favor of the city on the causes of action seeking damages. A motion for judgment on the pleadings has the same purpose and effect as a general demurrer (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 164, p. 2819), and may be granted where "[t]he pleading does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.10, subd. (e).) The organizations assert that their complaint stated a cause of action for damages upon either of two theories: (1) the refusal of

appellants to meet and confer upon the question of extending the benefits of the deferred management compensation program to excluded management employees, and (2) acts of discrimination, intimidation, and coercion practiced upon those members of the police and fire organizations who were excluded from the benefits of the deferred management compensation program due solely to their membership in those organizations.

Those claims cannot be reached in the present appeal. The complaint contained no allegations that claims for damages were presented to the city. No suit for damages may be brought against a public entity on causes of action for which claims are required to be presented by the Government Code until such written claims have been presented and have been acted upon or deemed to have been rejected by the appropriate administrative agency. (Gov. Code, § 945.4.) The only claims for money or damages excepted from this requirement are those listed in Government Code section 905. None of the exemptions is applicable to this case. It was proper to give judgment on the pleadings on the causes of action for money damages.

The judgment is modified by deleting the award of attorneys fees; as so modified it is affirmed. Defendants will recover costs on appeal.

Rattigan, Acting P. J., and Emerson, J.,* concurred.

The petition of plaintiffs and appellants for a hearing by the Supreme Court was denied April 22, 1976.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.