[Civ. No. 67653. Second Dist., Div. Seven. Sept. 8, 1983.]

EDUARD HENNEBERQUE, Plaintiff and Appellant, v.
CITY OF CULVER CITY et al., Defendants and Respondents.

**COUNSEL**

Ogulnik & Levine, Charles G. Ogulnik and Richard A. Levine for Plaintiff and Appellant.

Bert Glennon, Jr., City Attorney, and Joseph W. Pannone, Deputy City Attorney, for Defendants and Respondents.

OPINION

THOMPSON, J.—Eduard Henneberque appeals from the superior court judgment denying his petition for a writ of mandate compelling respondents, City of Culver City et al., (1) to provide him an administrative appeal pursuant to Government Code section 3304, subdivision (b) (Public Safety Officers Procedural Bill of Rights Act), and (2) to reinstate him as a probationary police sergeant.

On September 6, 1980, appellant, a permanent employee of the Culver City Police Department, was appointed to the probationary position of police sergeant.

On September 18, 1980, appellant was elected president of the Culver City Police Officers Association, the recognized employee organization, pursuant to the Meyers-Milias-Brown Act. (Gov. Code, § 3500 et seq.)

Appellant received average performance evaluations. In addition, in the September progress report it was noted that appellant "is adjusting well and should develop into a good sergeant." In the October progress report, filed on November 1, 1980, it was noted that "Ed is progressing well."

On or about November 3, 1980, appellant was demoted to the position of police officer. Respondents assert that said demotion resulted from petitioner's failure to exercise his supervisorial judgment on or about October 26, 1980, in a manner consistent with the ordinary standards of conduct applicable to a sergeant. Thus, a determination was made that appellant failed to satisfactorily perform his probationary duties as sergeant.

On or about November 7, 1980, appellant requested that respondents provide him an appeal on his involuntary demotion. On November 18, 1980, respondents denied appellant's request for an administrative appeal.

On March 26, 1981, appellant filed, pursuant to Code of Civil Procedure section 1085, a petition for peremptory writ of mandate, seeking (1) an administrative appeal in accordance with Government Code section 3304, subdivision (b), and (2) reinstatement to the rank of police sergeant on the basis that appellant was unlawfully intimidated and discriminated against by reason of his position as president of the recognized employee organization.

On June 12, 1981, the lower court entered judgment denying appellant's petition for writ of mandate, and on June 22, 1981, appellant filed an appeal from said decision.

## Discussion

■ Appellant contends that the trial court abused its discretion in refusing to issue a peremptory writ of mandate because respondents failed to afford him an opportunity for administrative appeal pursuant to Government Code section 3304, subdivision (b). We agree.[1]

Respondents claim that appellant waived his right to an administrative appeal by not raising the issue below and presenting no evidence to support the issuance of a writ of mandate (Code Civ. Proc., § 1085). Our review of the record, however, discloses that appellant properly raised the issue of an administrative appeal in his pleadings before the trial court and presented evidence to support issuance of a writ of mandate.

■ The requirements for mandamus are (1) a clear, present duty on the part of the respondent, and (2) a clear, present and beneficial right in the petitioner to the performance of that duty. (Code Civ. Proc., §§ 1085, 1086;[2] see 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 61, p. 3838; *Baldwin-Lima-Hamilton Corp.* v. *Superior Court* (1962) 208 Cal.App.2d 803, 813-814 [25 Cal.Rptr. 798].) Appellant argued before the trial court and now argues that pursuant to California Government Code section 3304, subdivision (b), entitled the Public Safety Officers Procedural Bill of Rights Act, he has a clear, present, substantial right in the performance of the respondent city to provide an opportunity for administrative appeal and respondents have a clear, present, ministerial duty to provide an opportunity for such an appeal.

Section 3304, subdivision (b) in pertinent part provides: "No punitive action, . . . shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal." "Punitive action" within the meaning of the Bill of Rights Act, is further defined in section 3303, California Government Code, in relevant portion, "as any

---

[1]In view of our finding that appellant must be afforded an administrative appeal, we need not reach the issue of his reinstatement to the position of police sergeant. This issue will be decided at the administrative appeal. If he is dissatisfied with the agency's decision, he may then seek administrative mandamus.

[2]Section 1085 reads: "It may be issued by any court, except a municipal or justice court, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person."

Section 1086 provides: "The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon the verified petition of the party beneficially interested."

action which may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for the purposes of punishment."

In *White* v. *County of Sacramento* (1982) 31 Cal.3d 676, 678-679 [183 Cal.Rptr. 520, 646 P.2d 191], plaintiff was reassigned on the basis of alleged deficient performance to a lower paying position. Plaintiff asserted that the resulting loss in pay from the administrative decision was punitive in nature and petitioned the trial court for a writ of mandate to compel the county civil service commission to grant him an administrative appeal pursuant to Government Code section 3304, subdivision (b). The court held that "a decision to *reassign a peace officer to a lower paying position is per se disciplinary, or punitive in nature,* and that the officer therefore must be accorded the 'opportunity for [an] administrative appeal.' " (*Id.,* at pp. 683-684; italics added.)

 In the case before this court, appellant was promoted to the rank of police sergeant with a corresponding increase in salary and benefits. He received no unfavorable evaluations while serving in this capacity. However, he was summarily demoted and received a reduction in salary and benefits. Thus, punitive action was undertaken by respondents without providing the required opportunity for appeal in violation of Government Code section 3304, subdivision (b).

Additionally, appellant also is entitled to an administrative appeal because of alleged discrimination against him for exercise of his right to participate in the recognized employee organization.

It has been held that a writ of mandate was proper to correct discrimination against employees who exercise their rights under the Meyers-Milias-Brown Act. (*San Leandro Police Officers Assn.* v. *City of San Leandro* (1976) 55 Cal.App.3d 553, 558 [127 Cal.Rptr. 856].)

 Pursuant to Code of Civil Procedure, section 1085, appellant has a clear, present, substantial right in the performance of respondents' duty to refrain from intimidating or discriminating against appellant for exercise of his right to participate in activities of the recognized employee organization pursuant to Government Code section 3506.[3]

In *Healdsburg Police Officers Assn.* v. *City of Healdsburg* (1976) 57 Cal.App.3d 444 [129 Cal.Rptr. 216], the court held that the officer's dis-

---

[3]Government Code section 3506 provides: "Public agencies and employee organizations shall not interfere with, intimidate, restrain, coerce or discriminate against public employees because of their exercise of their rights . . . ."

charge without a hearing violated the Meyers-Milias-Brown Act (Gov. Code, § 3502),[4] providing public employees the right to join labor organizations and section 3506, prohibiting public agencies from interfering with the organizational representational rights of their employees. (*Id.,* at pp. 451-452.) The court stated that: "The right to a hearing must likewise be afforded when a public officer employed at will claims that he was dismissed because he exercised a statutory right to join and participate in the activities of an employee organization." (*Id.,* at p. 450.) In the case before this court, appellant claims that the demotion occurred because of his participation in an employee organization. Thus, both appellant here and appellant in *Healdsburg* claimed that they lost their positions because they exercised their rights under the Meyers-Milias-Brown Act. (Gov. Code, § 3502.) Accordingly, appellant herein, as the appellant in *Healdsburg,* is also entitled to a hearing.

## DISPOSITION

We find that the trial court abused its discretion in refusing to issue appellant a peremptory writ of mandate ordering respondents to grant him an administrative appeal. The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

Schauer, P. J., and Johnson, J., concurred.

---

[4]Government Code section 3502 provides in pertinent part: "Except as otherwise provided by the Legislature, public employees shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations."