[No. B009174. Second Dist., Div. Seven. Sept. 27, 1985.]

EDUARD HENNEBERQUE, Plaintiff and Appellant, v.
CITY OF CULVER CITY et al., Defendants and Respondents.

**COUNSEL**

Richard A. Levine for Plaintiff and Appellant.

Bert Glennon, Jr., City Attorney, and Joseph W. Pannone, Deputy City Attorney, for Defendants and Respondents.

**OPINION**

**JOHNSON, J.**—Eduard Henneberque appeals from order denying his motion for backpay and attorney fees made upon remand following reversal of a judgment denying his petition for writ of mandate.

### FACTS AND PROCEEDINGS BELOW

In 1981 Henneberque, a permanent employee of the Culver City Police Department, petitioned the superior court for a writ of mandate[1] (Code Civ. Proc., § 1085). The petition alleged: On September 6, 1980, Henneberque was promoted from the position of police officer to the probationary position of police sergeant; progress reports of September and October, evaluating Henneberque's performance in his probationary position, gave him satisfactory ratings; nevertheless, on November 3, 1980, the chief of police in-

---

[1] The petition named as defendants the City of Culver City, the city's chief of police, its personnel director and its manager.

formed Henneberque that effective November 4 he would be demoted (reverted) to the rank of police officer with corresponding reduction of salary and benefits; on November 4 Henneberque was demoted; on November 7, 1980, Henneberque requested that defendants provide him with an appeal on his involuntary demotion; on November 18 defendants denied Henneberque's request for an administrative appeal; Henneberque's demotion was punitive in nature, having been based on his active participation as a labor leader in the Culver City Police Officers' Association. The petition sought a peremptory writ of mandate directing defendants to provide Henneberque with an administrative appeal on his demotion (Gov. Code, § 3304, subd. (b)),[2] and to reinstate him to the position of police sergeant with backpay from the date of his demotion; and an award of attorney fees. Judgment denying the petition was entered.

On Henneberque's appeal from the judgment we stated: "[A]ppellant was promoted to the rank of police sergeant with a corresponding increase in salary and benefits. He received no unfavorable evaluations while serving in this capacity. However, he was summarily demoted and received a reduction in salary and benefits. Thus, punitive action was undertaken by respondents without providing the required opportunity for appeal in violation of Government Code section 3304, subdivision (b). [¶] Additionally, appellant also is entitled to an administrative appeal because of alleged discrimination against him for exercise of his right to participate in the recognized employee organization." (*Henneberque* v. *City of Culver City* (1983) 147 Cal.App.3d 250, 254 [194 Cal.Rptr. 869].) We concluded that the trial court abused its discretion in refusing to issue a peremptory writ of mandate ordering defendants to grant Henneberque an administrative appeal. The judgment was reversed and the matter remanded for further proceedings consistent with our opinion. (*Henneberque, supra,* 147 Cal.App.3d at p. 255.)

After remittitur was filed Henneberque moved for issuance of peremptory writ of mandate directing defendants to provide Henneberque with an administrative appeal on his demotion, and for the following additional relief: an award of all salary and benefits applicable to the position of police sergeant from November 18, 1980 (the date of defendants' wrongful refusal to provide an administrative appeal) to the date such a hearing is provided; and an award of attorney fees pursuant to Code of Civil Procedure section 1021.5. The trial court granted that portion of the motion seeking issuance

---

[2]Government Code section 3304, subdivision (b) provides in pertinent part: "No punitive action . . . shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal."

of a writ of mandate but denied the motion, without prejudice, insofar as it sought backpay and attorney fees. On April 2, 1984, a peremptory writ of mandate issued directing defendants to give notice to Henneberque, on or before April 25, of a hearing on his involuntary demotion from police sergeant to police officer, the hearing to be held within 20 days after such notice. On April 10, 1984, such a hearing was conducted by the chief of police with Henneberque and his attorney in attendance. The hearing resulted in the upholding of Henneberque's demotion.

Following rendition of that decision Henneberque renewed his motion for backpay and attorney fees. The motion was denied. Henneberque appeals from the order of denial.

DISCUSSION

I. *Appealability of Order*

■ Unless otherwise provided by statute, an appeal lies only from a judgment that terminates the proceeding in the lower court by completely disposing of the matter in controversy. (*Bank of America* v. *Superior Court* (1942) 20 Cal.2d 697, 701-702 [128 P.2d 357]; *In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 734 [137 Cal.Rptr. 568]; *Vallera* v. *Vallera* (1944) 64 Cal.App.2d 266, 270 [148 P.2d 694].) The order denying Henneberque's motion for backpay and attorney fees disposed of only those issues, and hence does not qualify as an appealable judgment. ■ However, an order which determines a matter collateral to the main action is appealable if the matter is severable from the general objective of the litigation and if a decision thereon determines finally the rights of the parties in relation to the collateral matter, leaving no further judicial action to be taken in regard to that matter.[3] Such a determination is substantially the same as a final judgment in an independent proceeding. (*Meehan* v. *Hopps* (1955) 45 Cal.2d 213, 216-217 [288 P.2d 267]; *In re Marriage of Van Sickle, supra,* 68 Cal.App.3d 728, 735; *Hersch* v. *Boston Ins. Co.* (1959) 175 Cal.App.2d 751, 753 [346 P.2d 796]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 38, p. 4052.)

---

[3]In *Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116, 119 [199 P.2d 668], the Supreme Court stated: "It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him. [Citations.]" Such limitation has not been observed in some of the later cases. (See, e.g., *Meehan* v. *Hopps* (1955) 45 Cal.2d 213 [288 P.2d 267]; *McClearen* v. *Superior Court* (1955) 45 Cal.2d 852, 856 [291 P.2d 449]; *Spencer* v. *Spencer* (1967) 252 Cal.App.2d 683, 691 [60 Cal.Rptr. 747]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 40, pp. 4053-4055.)

A statutory motion for attorney fees is a collateral matter, ancillary to the main cause; it seeks what is due because of the judgment. (*Serrano* v. *Unruh* (1982) 32 Cal.3d 621, 636-637 [186 Cal.Rptr. 754, 652 P.2d 985]; *No Oil, Inc.* v. *City of Los Angeles* (1984) 153 Cal.App.3d 998, 1006 [200 Cal.Rptr. 768].) The same rationale applies to Henneberque's motion for backpay made following the administrative appeal ordered by writ of mandate the issuance of which was the main objective of the within proceeding. The order denying Henneberque's motion for backpay and attorney fees determined the issue of Henneberque's entitlement to such relief; no further judicial action was required to give effect to that determination. Accordingly, the order is appealable.

II. *Awarding Henneberque Backpay in This Action Constitutes a Form of "Extraordinary Relief" and Thus Is Statutorily Authorized Under Government Code Section 3309.5(c)*

■ In *Henneberque I* this court held the city had violated Henneberque's right to an administrative appeal guaranteed by the policeman's bill of rights. On remand, Henneberque asked the trial court to award him backpay from the time he was denied an appeal until the time the city completed its determination of the appeal.[4] We hold the policeman's bill of rights authorizes backpay when one of its provisions is violated and thus find the trial court erred in denying this relief.

---

[4]In response to this second petition, City of Culver belatedly contended Henneberque was afforded an "administrative appeal" before he was demoted. This so-called administrative appeal took place on the very day Henneberque learned he was to be demoted. It consisted of an informal meeting with the chief of police held a few short hours after Henneberque was first informed he had been found deficient in the performance of his supervisory duties. If the city truly contends this informal meeting was intended to and did satisfy the requirement of administrative appeal under Government Code section 3304, subdivision (b) and the Labor Code it should have brought this to the attention of the superior court at the time of initial writ petition. If it had done so, evidence about this hearing would have been before this court when it considered *Henneberque I*. At this stage, evidence of the meeting comes too late to be considered as having satisfied the administrative appeal requirements of section 3304, subdivision (b). Accordingly, we hold as a matter of law that the administrative appeal requirement was not met, if it ever was met, until completion of the April 10, 1984, proceeding ordered by the superior court pursuant to the remittitur on this court's reversal of the original denial of writ of mandate.

Were we to consider the evidence presented in this second proceeding about the informal meeting on the day Henneberque was demoted we would have no trouble holding the meeting fell far short of satisfying the requirements for an "administrative appeal." It is evident from the city's own submission the notice was too short to allow Henneberque any time to prepare a defense to the charges, nor does the city allege he was given written materials supporting the demotion, or the time or opportunity to consult with a lawyer or other representative who might have assisted him in resisting the demotion.

Government Code section 3309.5, subdivision (c) sets out the court's duty to enforce the policeman's bill of rights. "(c) In *any* case where the superior court finds that a local public safety department has violated any of the provisions of this chapter, the court *shall render* appropriate injunctive or other *extraordinary relief to remedy the violation* and to prevent future violations of a like or similar nature, including, but not limited to, the granting of a temporary restraining order, preliminary, or permanent injunction prohibiting the local public safety department from taking any punitive action against the local public safety officer." (Italics added.)

What Henneberque requests here is essentially a writ of mandate to compel the city to give him backpay. A writ of mandate is a form of "extraordinary relief." Indeed the California Constitution itself defines mandamus as one of the forms of "extraordinary relief." Article VI, section 10 reads in pertinent part: "The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in proceedings for *extraordinary relief* in the nature of mandamus, certiorari, and prohibition. (Cal. Const., art. VI, § 10, italics added.) It seems unlikely the Legislature in using the clause "other extraordinary relief" intended to confine this term to traditional injunctions and exclude from the definition the form of relief the Constitution designates as "extraordinary relief." Moreover, writs of mandate like injunctions are a form of equitable relief. " '[W]hile mandate is ordinarily classed as a legal remedy it has the effect of an equitable interference supplementing the deficiencies of the common law . . . largely controlled by equitable principles . . . .' " (Citation omitted.) (*Wallace* v. *Board of Education* (1944) 63 Cal.App.2d 611, 617 [147 P.2d 8], 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 4, and cases cited therein.) Thus it is readily apparent writs of mandate fall within the express language of 3309.5, subdivision (c) which directs the court to "render appropriate injunctive or *other extraordinary relief* to remedy the violation . . . ." (Italics added.)

To grant the relief requested by Henneberque, that is, a writ of mandate directing the City of Culver City to award him backpay would be nothing more nor less than a grant of "extraordinary relief to remedy the violation . . . ." Here the violation was demoting a policeman without affording him the procedural protection of an administrative appeal. The main injury he suffered through this violation was a loss of income—the difference between what he would have earned at his existing rank as sergeant and what he actually received as an officer due to the procedurally defective demotion. The only way to afford the officer a remedy for this injury is to order the city to pay Henneberque this differential between a sergeant's and an offi-

cer's salary for the period the city was denying him his procedural rights as guaranteed by Government Code section 3304, subdivision (b).

Extraordinary relief, within the meaning of Government Code section 3309.5, subdivision (c), can be used to afford officers this kind of relief even though it has the practical effect of a monetary award. Indeed this is a well-accepted use of the extraordinary relief of mandate. For example, in *Parker* v. *City of Fountain Valley* (1981) 127 Cal.App.3d 99 [179 Cal.Rptr. 351], a police officer challenged his dismissal on grounds he had been denied a due process hearing before termination. In granting him relief the court issued a judgment which reads in pertinent part: "The judgment is reversed and the case is remanded to the trial court with instructions to *issue a peremptory writ of mandate* compelling the city to set aside its decision sustaining the termination of appellant from employment with the city; . . . and . . . *to pay appellant back pay* for the period between the date of his termination and the date of the hearing before the city manager." (127 Cal.App.3d at pp. 118-119, italics added.) (See also, e.g., *Davis* v. *Civil Service Com.* (1979) 93 Cal.App.3d 417 [155 Cal.Rptr. 650] [Court of Appeal affirmed the trial court's issuance of writ of mandate ordering backpay benefits for the period between employee's discharge and the due process hearing which upheld the discharge]; *Fugitt* v. *City of Placentia* (1977) 70 Cal.App.3d 868, 876 [139 Cal.Rptr. 123] ["Mandamus is proper to compel the payment of back salary to a (public) employee for the period during which he was wrongfully discharged." In *Fugitt* the wrongfulness of the discharge was the failure to allow the employees a hearing].) Witkin is in accord, saying: "[A] plaintiff wrongfully discharged from a public position, e.g., a schoolteacher, may by mandamus obtain both reinstatement to the position *and the issuance of a warrant for unpaid salary*. [Citations omitted.]" (8 Witkin, Cal. Procedure (3d ed.) *supra,* Extraordinary Writs, § 79, at p. 719, italics added.)

In sum, we find ample support for three straightforward propositions. First, section 3309.5 instructs courts to use other extraordinary relief to remedy violations of the policeman's bill of rights. Second, the term "other extraordinary relief" includes writs of mandate. And third, a writ of mandate is appropriately used to award backpay.

Accordingly, since this court already held Henneberque was demoted in violation of the policeman's bill of rights, it follows he is entitled under the express terms of section 3309.5 to a writ ordering the city to give him backpay. The amount of backpay is based on the differential between what Henneberque's salary would have been had he not been demoted and the salary he actually received. The city owes this differential for the period between November 18, 1980, the date the city refused to provide an admin-

istrative appeal,[5] and the date the city issued its decision from the April 10, 1984, hearing.[6]

III. *The Trial Court Abused Its Discretion in Denying Attorney Fees to Appellant*

 Henneberque contends the trial court abused its discretion in denying plaintiff's motion for an award of attorney fees pursuant to Code of Civil Procedure section 1021.5.[7]

 Section 1021.5 provides for court-awarded attorney fees under a private attorney general theory which "rests upon the recognition that privately initiated lawsuits are often essential to the effectuation of the fundamental public policies embodied in constitutional or statutory provisions, and that, without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will as a practical matter frequently be infeasible. [Citations.]" (*Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 933 [154 Cal.Rptr. 503, 593 P.2d 200].) The decision whether an award of attorney fees is warranted rests initially with the trial court. (*Baggett* v. *Gates* (1982) 32 Cal.3d 128, 142 [185 Cal.Rptr. 232, 649 P.2d 874].) " '[U]tilizing its traditional equitable discretion,' that court 'must realistically assess the litigation and determine, from a practical perspective' . . . whether or not the statutory

---

[5]In this case, the city formally refused an administrative appeal and did so within a reasonable time—11 days—of Henneberque's request. Accordingly, we date the backpay from this refusal. We need not address the situation where a government employer either unduly delays action on an officer's request for hearing or simply ignores the request. If this happened, it might require a court to pick a different and earlier date to commence the officer's entitlement to backpay.

[6]The California Supreme Court has held the measure of backpay in analogous situations is "the period discipline was improperly imposed, i.e., from the date of actual discipline to the time discipline was validated by the hearing." (*Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395, 402 [134 Cal.Rptr. 206, 556 P.2d 306].) See also *Coleman* v. *Regents of University of California* (1979) 93 Cal.App.3d 521, 527 [155 Cal.Rptr. 589]; *Pipkin* v. *Board of Supervisors* (1978) 82 Cal.App.3d 652, 658 [147 Cal.Rptr. 502]; *Ng* v. *State Personnel Bd.* (1977) 68 Cal.App.3d 600 [137 Cal.Rptr. 387]. In the instant case, the discipline of demotion was not improperly imposed under the policeman's bill of rights until the city refused Henneberque's request for an administrative appeal. This improper imposition of discipline continued until it was validated by the *completion* of the administrative appeal proceeding, i.e., the date the decision reached at that proceeding was announced.

[7]Section 1021.5 provides: "Upon motion, a court may award attorney's fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. With respect to actions involving public entities, this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor."

criteria have been met. In this case, the trial court had to evaluate whether plaintiffs' action: (1) served to vindicate an important public right; (2) conferred a significant benefit on the general public or a large class of persons; and (3) imposed a financial burden on plaintiffs which was out of proportion to their individual stake in the matter. [Citations.]" (*Ibid.;* see also *Press* v. *Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 317-318 [193 Cal.Rptr. 900, 667 P.2d 704]; *Woodland Hills Residents Assn., Inc.* v. *City Council, supra,* 23 Cal.3d 917, 934-935.)

In *Baggett* v. *Gates, supra,* 32 Cal.3d 128, police officers petitioned the trial court for a writ of mandate and other relief alleging that they were reassigned to lower paying positions without being afforded an administrative appeal as provided in Government Code section 3304, subdivision (b) of the bill of rights act. The trial court issued the requested writ of mandate and denied plaintiffs' motion for attorney fees under Code of Civil Procedure section 1021.5. In reversing the order which denied an award of attorney fees the Supreme Court stated: "Analysis of plaintiffs' action leads to the conclusion that there was no reasonable basis for the trial court's denial of their motion for attorney fees. Plaintiffs' action resulted in securing for themselves and many others the basic rights and protections of the Bill of Rights Act. This court has today concluded that these rights and protections are matters of statewide concern. It follows that the rights vindicated by plaintiffs are sufficiently 'important' to justify an attorney fee award. [Citation.] [¶] Moreover, it can scarcely be contended that plaintiffs' litigation has not conferred a 'significant benefit' on the 'general public.' Since enforcement of the Bill of Rights Act should help to maintain stable relations between peace officers and their employers and thus to assure effective law enforcement, plaintiffs' action directly inures to the benefit of the citizenry of this state. [Citation.] No one can be heard to protest that effective law enforcement is not a 'significant benefit.' [¶] Finally, although this is a closer question, the record before this court indicates that the financial burden this suit placed on plaintiffs was out of proportion to their personal stake in the case. By their action, plaintiffs have secured the enforcement of basic procedural rights, including the right to an administrative appeal of disciplinary actions. However, enforcement of these procedural rights may well not result in any pecuniary benefit to plaintiffs themselves. [Citation.] For example, plaintiffs' newly won right to an administrative appeal of the Department's decision to reassign them to lower paying positions will not necessarily result in the reversal of that decision. Plaintiffs' reassignment and consequent reduction in salary may be approved." (*Baggett, supra,* 32 Cal.3d at p. 143.)

The foregoing analysis is applicable to the present action. The third factor discussed by the *Baggett* court still weighs in favor of an award of

attorney fees even though we have ruled Henneberque is entitled to a modest amount of backpay during the time he was unlawfully demoted. The financial burden of prosecuting this case through two writ proceedings and two appeals clearly is "out of proportion" to the economic benefit Henneberque now stands to gain. The administrative appeal given Henneberque indeed has resulted in affirmance of his demotion and the consequent reduction of future salary and benefits. So a long term salary increase is not part of the equation. It is thus clear the financial burden which this suit placed on Henneberque was out of proportion to his personal stake in the case. For the same reason, we have no difficulty holding Henneberque's attorney fees "should not in the interest of justice be paid out of the recovery" and it would be an abuse of discretion to hold they should.

Because the record discloses no reasonable basis for denying Henneberque's motion for attorney fees, the trial court's refusal to award fees was an abuse of discretion and its order of denial must be reversed.

### DISPOSITION

The order denying backpay and attorney's fees is reversed and the case remanded for further proceedings consistent with this opinion. Appellant also is entitled to costs on appeal and reasonable attorney fees required to prosecute this appeal.

Lillie, P. J., and Thompson, J., concurred.