[No. B043764. Second Dist., Div. Four. May 29, 1990.]

JOHN D. WILLIAMS, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Stone & Healy and Mary Ann Healy for Plaintiff and Appellant.

James K. Hahn, City Attorney, Frederick N. Merkin, Assistant City Attorney, and Arthur B. Walsh, Deputy City Attorney, for Defendants and Respondents.

OPINION

**GEORGE, J.**—Appellant John D. Williams was discharged from his position as a police officer for misconduct. He appeals from a judgment granting a peremptory writ of mandate directing respondents, including the City of Los Angeles, to award him backpay from the date he was suspended from the police force in violation of his *Skelly* rights (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774]) to the date he was discharged from the police force, contending he should have been awarded backpay from the date of his suspension to the date of his trial de novo in superior court challenging his discharge. For the reasons that follow, we affirm the judgment.

PROCEDURAL AND FACTUAL HISTORY

Officer Williams was a member of the 77th Street Vice Unit of the Los Angeles Police Department. In March 1980, as part of an internal investigation into the unit's manner of making arrests for bookmaking, Williams was interrogated by the department's internal affairs division, as were other members of the unit. Williams cooperated with the investigators and answered the questions put to him.

The investigation ultimately revealed that Williams and his partner officers, in order to maintain a high rate of arrests, typically gave bookmakers advance notice of their investigations. The bookmakers would preserve incriminating evidence and assure the presence of someone to be arrested who had no prior record and, thus, who would receive light punishment. In exchange, the officers would promise the bookmakers immunity from arrest for a subsequent period.

In the fall of 1980, Williams temporarily was relieved of duty pending a hearing before a disciplinary board. He was found guilty of 27 charges of misconduct, including the improper arrest and imprisonment of 13 individuals. On February 10, 1981, the chief of police approved the

recommendation of the disciplinary board and ordered Williams discharged from the police force effective November 3, 1980.

Following his discharge, Williams filed a petition for writ of mandate in superior court that, as amended, sought his reinstatement on the grounds that he was not timely provided with a copy of a "letter of transmittal" concerning the charges against him as required by the decision in *Skelly*, that the evidence presented to the disciplinary board was insufficient to support its findings, that the penalty imposed was excessive, and that the internal affairs investigators failed to advise him of his rights as required by Government Code section 3303[1] of the Public Safety Officers Procedural Bill of Rights Act as interpreted in *Lybarger* v. *City of Los Angeles* (1985) 40 Cal.3d 822 [221 Cal.Rptr. 529, 710 P.2d 329].

The superior court granted the petition on the grounds that Williams had not been advised of his rights as required by section 3303, and had not been provided with a copy of the "letter of transmittal." The court did not reach the issues whether the disciplinary board's findings were supported by substantial evidence and whether the penalty imposed was excessive. The court ordered Williams reinstated with full backpay.

This court affirmed the judgment on the ground the superior court did not abuse its discretion in ordering reinstatement as a remedy for the violation of section 3303. We did not address the remaining grounds for the superior court's decision.[2]

The Supreme Court granted review and reversed, holding reinstatement was not an appropriate remedy for the failure to properly advise Williams of his rights as required by section 3303. (*Williams* v. *City of Los Angeles* (1988) 47 Cal.3d 195, 204 [252 Cal.Rptr. 817, 763 P.2d 480].) In a footnote, that court stated: "We note that Williams also contends he is entitled to backpay for a violation of his *Skelly* rights. (*Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d 194.) In light of its disposition of his claims under the act, the Court of Appeal did not reach this question. We decline to address it in the first instance, and instead leave the issue to be resolved on remand." (*Williams* v. *City of Los Angeles, supra,* 47 Cal.3d 195, 205, fn. 5.)

On remand, the superior court issued a judgment granting a peremptory writ of mandate awarding Williams backpay from November 3, 1980, when he was wrongfully suspended, until February 10, 1981, when the chief of

---

[1] All further statutory references are to the Government Code.

[2] We take judicial notice of this court's file in *Williams* v. *City of Los Angeles*, B025875. (Evid. Code, § 452, subd. (d).)

police approved his discharge from the police force. Williams timely appealed.

## DISCUSSION

Williams contends the trial court's award of backpay for the period from his suspension from the police force on November 3, 1980, to his termination on February 10, 1981, was inadequate because the violation of his *Skelly* rights was not cured until the trial de novo took place in superior court on December 2, 1986, when Williams first had an opportunity to contest the charges against him after receiving a copy of the transmittal letter.

■ "In *Skelly* v. *State Personnel Bd.*, *supra*, 15 Cal.3d 194, the Supreme Court, while acknowledging that a permanent civil service employee has a statutory right to an evidentiary hearing *after* his dismissal to challenge the action taken against him, held that due process of law also requires that such an employee have certain rights *prior* to the effective date of the dismissal. The court held that, 'As a minimum, these preremoval safeguards must include notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to respond, either orally or in writing, to the authority initially imposing discipline.' (*Id.*, at p. 215.)" (*Kirkpatrick* v. *Civil Service Com.* (1978) 77 Cal.App.3d 940, 945, italics in original.)

In the present case, the superior court found the failure to provide Williams with a copy of the transmittal letter violated his *Skelly* rights to due process of law *prior* to the effective date of the dismissal. The parties do not dispute this finding, and it is supported by substantial evidence.

In *Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395 [134 Cal.Rptr. 206, 556 P.2d 306], the Supreme Court considered the proper measure of damages for a violation of *Skelly* rights. The court held: "The constitutional infirmity of the disciplinary procedures used in the present case was the imposition of discipline prior to affording the employee notice of the reasons for the punitive action and an opportunity to respond. [Citation.] This infirmity is not corrected until the employee has been given an opportunity to present his arguments to the authority *initially* imposing discipline. [Citation.] Under the procedures applied to plaintiff, the constitutional vice existed until the time the board rendered its decision. Prior to that time, the discipline imposed was invalid . . . . The proper period for measuring the amount of back pay due therefore begins at the time discipline is actually imposed and ends on the date the board files its decision." (*Id.*, at p. 403, italics in original.)

■    Although we are unaware of any published decision addressing the precise issue before us, we are guided by the reasoning supporting the settled principle that the proper remedy for a *Skelly* violation is an award of backpay for the period described in *Barber*, rather than reinstatement. (*International Brotherhood of Electrical Workers* v. *City of Gridley* (1983) 34 Cal.3d 191, 209 [193 Cal.Rptr. 518, 666 P.2d 960].) The reason for this rule was explained in the decision in *Kirkpatrick* v. *Civil Service Com.*, *supra*, 77 Cal.App.3d 940, which held the lower court erroneously had ordered reinstatement as a remedy for a *Skelly* violation. The appellate court stated: "The minimal due process rights required by *Skelly prior* to discharge are merely anticipatory of the full rights which *are* accorded to the employee *after* discharge. The employee can exercise those rights at the subsequent hearing, and if that hearing shows that there were good grounds for dismissal, the employee is not entitled to reinstatement; he is merely entitled to damages for the limited time period in which discipline was wrongfully imposed, i.e., the employee is entitled to back pay for the period from the time discipline was actually imposed to the date the commission filed its decision validating the dismissal. [Citations.]" (*Id.*, at p. 945, italics in original.)

■    In the present case, Williams was denied his *Skelly* rights to presuspension due process of law. He does not contend, however, that the hearing before the disciplinary board which resulted in his final termination was improper. The violation of his *Skelly* rights ended, therefore, when the chief of police approved the board's recommendation and discharged Williams.

Williams erroneously contends that the violation of his *Skelly* rights continued until he received a copy of the transmittal letter and the trial de novo was held. As we noted, the decision in *Kirkpatrick* recognized that the *Skelly* requirements for presuspension due process "are merely anticipatory of the full rights which *are* accorded to the employee" in conjunction with the disciplinary hearing. (*Kirkpatrick* v. *Civil Service Com.*, *supra*, 77 Cal.App.3d 940, 945, italics in original.) Although Williams was denied due process of law prior to his suspension, he received a proper hearing prior to his final termination. Pursuant to the decision in *Barber*, therefore, the violation of Williams's *Skelly* rights ended when the chief of police adopted the board's recommendation. (*Barber* v. *State Personnel Bd.*, *supra*, 18 Cal.3d 395, 403.) Accordingly, the trial court did not err in awarding Williams backpay from the date he was wrongfully suspended until he was terminated from the police force.

■    Citing *Henneberque* v. *City of Culver City* (1985) 172 Cal.App.3d 837 [218 Cal.Rptr. 704], Williams contends in the alternative that the trial

court was required to award him additional backpay as "extraordinary relief" under section 3309.5, subdivision (c).[3] We disagree.

In *Williams* v. *City of Los Angeles, supra*, 47 Cal.3d 195, the Supreme Court reversed the trial court's ruling ordering the reinstatement of Williams as a remedy under section 3309.5, subdivision (c), for the failure properly to advise Williams of his rights prior to questioning. The Supreme Court held that *no* remedy was appropriate, because Williams "could not have been prejudiced by the failure to advise him properly; put another way, it cannot be said of Williams that there is any possibility his case could have ended differently even had he been fully advised of his rights." (*Id.*, at p. 201.) The court further held that although section 3309.5, subdivision (c), grants the court discretion to fashion a remedy designed to deter future violations, such relief must be "appropriate."

The same factors control the issue now before us. There is no evidence in the record in Williams's present appeal suggesting that the failure to supply him with a copy of the transmittal letter caused him prejudice that would not be cured by the remedy provided by the superior court, namely an award of backpay from the date of his suspension until his termination. There is nothing before us to indicate that had Williams been provided with a copy of the transmittal letter after he was suspended but prior to the hearing before the disciplinary board, the case against him might have concluded differently. Nor did the trial court abuse its discretion in failing to grant additional backpay as a remedy designed to deter future violations.

### Disposition

The judgment is affirmed.

Woods (A. M.), P. J., and Goertzen, J., concurred.

---

[3]That subdivision states: "In any case where the superior court finds that a public safety department has violated any of the provisions of this chapter, the court shall render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature, including, but not limited to, the granting of a temporary restraining order, preliminary, or permanent injunction prohibiting the public safety department from taking any punitive action against the public safety officer."