Filed 10/28/25  Nguyen v. Ramirez CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| VICTORIA NGUYEN, Plaintiff and Appellant, v. IRENE RAMIREZ, et al., Defendants and Respondents. | D083940 (Super. Ct. No. 37-2022-00051003-CU-MC-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Joel Wohlfeil, Judge.  Affirmed.

Victoria Nguyen, in pro. per., for Plaintiff and Appellant.

Grimm, Vranjes, Greer, Stephan & Bridgman, Greg Stephan and Matthew Morache for Defendants and Respondents Irene Ramirez and Krystal Moore.


MEMORANDUM OPINION

Victoria Nguyen appeals an order awarding attorney fees and costs to Irene Ramirez and Krystal Moore (sometimes, defendants) after they prevailed on a special motion to strike under the anti-SLAPP statute, Code of

Civil Procedure section 425.16 (section 425.16). Because Nguyen fails to establish an abuse of discretion, we affirm the order.[1]

Nguyen sued four individuals—Ramirez, Moore, Clifton Demery, and Omar Flores—based on witness statements they gave to police in connection with a report of an accident involving Nguyen's car and Flores's bicycle. Ramirez filed an anti-SLAPP motion to strike the complaint, but the court took her motion off calendar as moot after it sustained a demurrer to the complaint with leave to amend. Nguyen then filed a first amended complaint, which Ramirez and Moore challenged in a joint anti-SLAPP motion. The court granted this motion.

Ramirez and Moore then moved to recover their costs and attorney fees pursuant to section 425.16, subdivision (c)(1). (See *ibid.* ["a prevailing defendant on a special motion to strike shall be entitled to recover that

---

[1] Oral argument in this matter was originally scheduled for May 13, 2025. On April 25, Nguyen filed a request to indefinitely stay oral argument, citing medical reasons. We granted the request in part by re-calendaring oral argument to June 9. On June 6, Nguyen filed a request to continue the June 9 oral argument, again citing medical reasons, and stated she was unavailable until October. We granted her request and continued oral argument to October 16.

On October 15, 2025, Nguyen filed the same request she filed on June 6 for a continuance of the June 9 oral argument. We denied the request and gave her notice that she could appear remotely. At 8:19 a.m. on October 16, the court clerk emailed Nguyen to confirm she received the link to appear remotely and that her matter would be called at 9:00 a.m. At 8:39 a.m., Nguyen responded by email that she was in the hospital due to "some issue." Nguyen did not appear for oral argument and did not respond to the court clerk's request for confirmation of her stated reason for the absence.

The matter was submitted on October 16, 2025 subject to Nguyen filing a motion to vacate the submission with written confirmation of her hospitalization within 48 hours. Nguyen has not filed any such request.

defendant's attorney fees and costs"].)  For the anti-SLAPP motion, they sought a total of $1,013.63 in costs, which included hundreds of dollars in "efile" fees, as well as a total of $16,279 in attorney fees.  These attorney fees consisted of:  (1) $1,255 for work performed by attorney Gregory D. Stephan (hourly rates of $200 or $285; total of five hours); and (2) $15,024 for work performed by attorney McKenzie N. Hardy (hourly rates of $170 or $225; total of 74.4 hours[2]).

For the fee and cost motion, defendants sought an additional $60 in costs and $2,767.50 in attorney fees, consisting of $787.50 for work performed by attorney Matthew Morache (hourly rate of $225; total of 3.5 hours), and $1,980 for work performed by Hardy (hourly rate of $225; total of 8.8 hours).

The overall request was for $1,073.63 in costs ($1,013.63 for the anti-SLAPP motion and $60 for the fee and cost motion) and $19,046.50 in attorney fees ($16,279 for the anti-SLAPP motion plus $2,767.50 for the fee and cost motion), for a grand total of $20,120.13.

Nguyen, who was self-represented, filed an opposition brief asserting the fee and cost motion was premature (because she had appealed the order granting the anti-SLAPP motion) and the proposed recovery was unreasonable.  She claimed the attorney fees were excessive because they included billing entries for work that was unnecessary or unrelated to the anti-SLAPP motion, and because the entries were "duplicative or padded" and included time spent on issues that were not novel or complex.

---

[2]     On appeal, defendants claim Hardy billed 72.9 hours for the anti-SLAPP motion, but the sum of Hardy's individual time entries is actually 74.4 hours.

3

On January 26, 2024, the trial court entered a minute order granting the motion but awarding less than defendants requested. The court found $1,013.63 in anti-SLAPP costs was excessive and reduced the amount to $60. As for the request for attorney fees, the court found the attorneys' hourly rates were reasonable but the total amount sought was "slightly excessive" because the anti-SLAPP motion "did not present overly complex issues." It reduced Hardy's fees from $15,024 to $12,000. The total fee and cost award was $16,142.50.

On January 31, 2024, Ramirez and Moore served notice of the fee and cost order. Nguyen filed a notice of appeal of this order on February 5. A judgment that included the fee and cost award was entered on February 14. Nguyen then filed a timely notice of appeal from the judgment.[3]

These were not the only notices of appeal that Nguyen filed in the underlying action. A November 26, 2024 order of this court shows that as of that date Nguyen had three appeals pending (case Nos. D083643, D083940, and D084383). In an earlier order entered on May 7, this court stated that since Nguyen had already filed "a separate pending appeal challenging the order granting the anti-SLAPP motion (D083643), the issues in this appeal (D083940) will be limited to the attorney fees and costs unless, within 10

---

[3]    At least one published case has held that when a trial court grants an anti-SLAPP motion and a section 425.16 attorney fee and cost motion in separate orders, the fee and cost order is appealable under the collateral order doctrine. (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 782.) Other cases have held that an appeal of the separate fee and cost award must be taken from the judgment. (E.g., *Martin v. Inland Empire Utilities Agency* (2011) 198 Cal.App.4th 611, 632; *Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265, 274.) Under either view, Nguyen has appropriately and timely appealed the fee and cost award.

4

days, [Nguyen] submits a brief explaining why the appeal should not be so limited." Our review of the docket reveals no such brief was submitted.

Accordingly, by operation of the May 7, 2024 order, the issues in this appeal are limited to the trial court's order granting Ramirez and Moore's motion for attorney fees and costs. On January 30, 2025, we also issued a decision in case No. D083643 affirming the order granting Ramirez and Moore's anti-SLAPP motion.

Nguyen, who is representing herself in this appeal, has nevertheless devoted a substantial portion of her appellate briefs to challenging the order granting Ramirez and Moore's anti-SLAPP motion. We disregard these arguments for two reasons: (1) asserting them in this appeal violates our May 7, 2024 order, and (2) we have already affirmed the anti-SLAPP order, and our decision is law of the case. (See *Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127 [under the doctrine of law of the case, "the decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case" (cleaned up)].)

With respect to the fee and cost order, Nguyen presents two main arguments in her opening brief. One is that the trial court erred by awarding fees and costs while her appeal of the anti-SLAPP motion was pending. This argument lacks merit. As a rule, trial courts retain jurisdiction to entertain a fee motion even after one of the parties has appealed. (*Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 360.) Consistent with this rule, courts have held that when an order granting an anti-SLAPP motion has been appealed, the trial court retains jurisdiction to award attorney fees incurred in bringing the motion. (*Ibid*.; accord, *Doe v. Luster* (2006) 145 Cal.App.4th 139, 144, *Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454,

5

461.) Although Nguyen cites several cases in an effort to persuade us to the contrary, her cases are not on point.

For example, *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180 holds that an anti-SLAPP appeal stays trial court proceedings on the merits. (*Id.* at p. 191.) That holding does not apply here because a statutory motion for attorney fees is a collateral proceeding, not a proceeding on the merits. (*Henneberque v. City of Culver City* (1985) 172 Cal.App.3d 837, 842.) Her remaining cases are even more inapposite and therefore unpersuasive. Accordingly, Nguyen fails to demonstrate that the trial court erred by granting the fee and cost motion despite her pending appeal.

Nguyen's other challenge is that the fee and cost award was excessive. We review such awards for an abuse of discretion. (*Frym v. 601 Main St. LLC* (2022) 82 Cal.App.5th 613, 619–620.) When we do so, we operate under the principle that the "experienced trial judge is the best judge of the value of professional services rendered in his [or her] court, and while his [or her] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 (*Ketchum*) [cleaned up].) Moreover, the burden of demonstrating an abuse of discretion is on the appellant (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, 566), which in this context means Nguyen has the burden to persuade us the award is clearly wrong. She fails to do so.

In her opening brief, Nguyen challenges the fee award on several grounds. She contends Hardy's hourly rate was too high because it was the same as the hourly rate for Morache, who had more experience. However, Nguyen does not point to evidence Hardy's rate was unreasonable when compared to rates charged for comparable work in the community. (See

6

*Ketchum*, *supra*, 24 Cal.4th at p. 1132 [lodestar for assessing attorney fees is the "basic fee for comparable legal services in the community"].)  Nguyen's assertion does not persuade us the trial court clearly erred when it found Hardy's hourly rate was reasonable.

Nguyen also contends it was error to grant fees for work by Stephan, "who had no involvement in the case."  This is a factual assertion that we cannot accept at face value without evidence in the record showing the fact is true.  (*Dominguez v. Financial Indemnity Co.* (2010) 183 Cal.App.4th 388, 392, fn. 2.)  Here, Nguyen identifies no record evidence supporting her assertion, nor are we otherwise aware of any, so we disregard it.

Next, Nguyen asserts that the attorneys "copied content from other motions."  As an example, she states that one attorney (apparently Hardy) billed 4.3 hours for drafting an introduction and statement of facts for Ramirez and Moore's anti-SLAPP motion, when these sections were "largely similar to those in the previously filed demurrer and motion to strike."  As another example, she asserts that Hardy "billed for a nearly one-hour conversation" with Ramirez and then revised Ramirez's declaration, which she claims was also excessive.  She states, "the approximate amount of excessive billing can be estimated at over 20 hours."

These arguments fail to show the amount of the fee award was clearly wrong.  The trial court discounted Hardy's fees by over $3,000.  When divided by Hardy's original hourly rate of $170, this works out to a reduction of 17.79 hours, very close to the 20-hour reduction Nguyen claims she should have received.  Moreover, Nguyen does not specify how she calculated the true excess to be 20 hours.  As a result, she fails to persuade us that the court abused its discretion by failing to reduce the fee request more than it did.

7

Nguyen's final challenge is to the amount of the cost award. She argues "the efile fees for the motion were excessive." This argument is unavailing, because by reducing the costs for the anti-SLAPP motion from $1,013.63 to $60, the trial court effectively eliminated all efile fees, leaving only the equivalent of a standard motion filing fee.

In her reply brief, Nguyen reiterates her claim that Hardy overbilled for the anti-SLAPP motion. But she goes into more detail, comparing parts of the anti-SLAPP motion filed on behalf of Ramirez only with the anti-SLAPP motion filed jointly on behalf of Ramirez and Moore, and claiming the second motion recycled text from the first motion.

Nguyen has accompanied the reply brief with a request for judicial notice of three attached documents: the first and second anti-SLAPP motions as well as the intervening minute order taking the first motion off calendar. She seeks judicial notice of these documents because they were not designated for inclusion in the clerk's transcript and are not part of the appellate record, and she wants to use them to support her reply brief argument.

We deny the request. An appellate court may decline to take judicial notice of documents that are not relevant to dispositive issues on appeal, particularly where, as here, the documents are offered late in the appeal so that the respondent does not have the chance to address them. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 687, fn. 10.)

Both circumstances are present here. The documents are late because they were submitted after Ramirez and Moore filed their respondent's brief. And they are not dispositive because they are offered to support a reply brief argument that is unavailing for the following reasons. Nguyen's reply argument does not alter her original claim that the amount of excess billing

8

was roughly 20 hours. We have already rejected that argument because the difference between the trial court's 17.79-hour reduction and a 20-hour reduction is not so meaningful as to show the trial court was clearly wrong, and because Nguyen failed to specify how she arrived at her 20-hour estimate.

Her reply argument does not change that analysis. She merely points out ways the briefs were similar without identifying billing entries the trial court should have, but did not, eliminate from its fee order. And to the extent she seeks to prove the merits of her opening brief argument about the 4.3-hour billing entry, the court effectively eliminated that entry from its award when it reduced Hardy's hours. In sum, Nguyen's reply brief arguments do not persuade us the fee award is clearly wrong.

DISPOSITION

The order is affirmed. Defendants are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

DO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DATO, J.

9