Filed 1/24/14  JCM Farming v. Fantasy Balloon Flights CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JCM FARMING, INC., | |
| Plaintiff and Respondent, | G048938 |
| v. | (Super. Ct. No. INC085289) |
| FANTASY BALLOON FLIGHTS et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeals from an order of the Superior Court of Riverside County, Randall Donald White, Judge.  Affirmed.  Motion for sanctions.  Denied.  Requests for judicial notice.  Denied.  Motion to dismiss.  Denied.

Richards, Watson & Gershon, T. Peter Pierce, Jennifer Petrusis and Stephen D. Lee for Defendants and Appellants.

Rauch, Detisch & Steinke, Andrew K. Rauch; Law Office of Ezekiel Cortez and Ezekiel E. Cortez for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Defendants Shiho Seki, Magical Adventures, Inc., Cynthia Kay Wilkinson, Steven Allan Wilkinson, and Fantasy Balloon Flights appeal from the trial court's order denying their motion for attorney fees in excess of $337,000, pursuant to Code of Civil Procedure section 1021. (All further statutory references are to the Code of Civil Procedure.)

We affirm. The trial court properly denied the motion for attorney fees because this lawsuit did not result in the enforcement of an important right affecting the public interest within the meaning of section 1021.5.

BACKGROUND

In March 2009, plaintiff JCM Farming, Inc. (JCM), filed a complaint against several defendants including, as relevant to these appeals, Fantasy Balloon Flights, Steven Allan Wilkinson, and Cynthia Kay Wilkinson. In September 2009, defendants Magical Adventures, Inc., and Shiho Seki were added to the lawsuit as Doe defendants.[1] JCM's complaint contained claims for nuisance, injunctive relief, trespass, abatement of the nuisance, unjust enrichment, equitable indemnity, and declaratory relief.

---

[1] Other defendants named in the complaint were Balloon Above the Desert, Inc., Balloon Tours, Clotaire Castanier, Susan Castanier, John Hennigan, Jack Castellion, and Susan Castellion. None of these defendants is a party to these appeals. The record is unclear regarding any resolution of the underlying action as to Balloon Above the Desert, Inc., Balloon Tours, Clotaire Castanier, and Susan Castanier. The record shows that on November 30, 2011, judgment was entered against defendants John Hennigan, Jack Castellion, Susan Castellion, and "Grand Adventure Balloon Tours," and stated that those defendants "are restrained and enjoined from operating their hot air balloons beneath navigable airspace as defined in FAR §91.119(b) and extending 2000 feet laterally from the legal boundaries of Plaintiff's real property located at . . . , including during take-offs and landings." (Some capitalization omitted.) The entry of judgment as to those defendants is not relevant to these appeals.

The complaint alleged JCM is the owner and in possession and control of real property on Oasis Street in an unincorporated area of Riverside County, which contains an active farming operation, a commercial orchard, and buildings. The complaint stated defendants "are or have been at all times relevant herein, the owners, pilots, promoters, brokers and /or operators of certain hot air balloons and/or balloon aircraft." The complaint alleged defendants operated hot air balloons in a manner that caused them to fly over JCM's property "at an unreasonably low level [s]o as to disturb, distract, surprise, harass, annoy and interfere with the business operations and use of the subject property." (Capitalization omitted.) It stated the hot air balloons would "emit unreasonably loud sounds from the heater, fan, propulsion system and/or engine" and such conduct "did disturb, distract, surprise, harass, annoy and interfere with the business operations and use of" JCM's property. The complaint further alleged that "[a]t all material times, defendants, and each of them, knew or should have known, of regulations issued by the Federal Aviation Administration . . . that prohibit[] the low flights of the balloons over the subject property [and that] defendants . . . violated the . . . regulations." (Some capitalization omitted.) The complaint stated defendants' conduct had created a nuisance, had diminished the value of JCM's property, and had created a safety hazard. (We hereafter refer to Fantasy Balloon Flights, Steven Allan Wilkinson, Cynthia Kay Wilkinson, Magical Adventures, Inc., and Shiho Seki as appellants.)

According to appellants' opening brief, "[t]he parties engaged in voluminous law and motion and discovery proceedings for approximately two years from April 2009 until July 2011." The opening brief further states that "[n]one of those proceedings [is] relevant to this appeal."

On July 19, 2011, JCM filed form amendments to the complaint, naming the United States of America as Doe defendant No. 9; Ray LaHood, in his individual capacity, as Doe defendant No. 10; and Ray LaHood, in his capacity as Secretary of the United States Department of Transportation, as Doe defendant No. 11 (collectively, the

3

federal defendants). Appellants applied for an order to strike the federal defendants. The trial court denied the application.

Less than one month after the filing of the amendments, on August 11, 2011, JCM voluntarily requested that the trial court clerk dismiss, without prejudice, each of the appellants and the federal defendants; the clerk entered the dismissals accordingly.

In October 2011, appellants filed a motion to recover $337,301.30 in attorney fees, pursuant to section 1021.5. In their motion, they argued that JCM's complaint constituted an attempt "to exercise sovereignty of the airspace and create [JCM's] own private no-fly zone" and that JCM was "focused on a singular goal in this litigation: eliminating the ballooning industry in the Coachella Valley." Appellants argued: "Here, Defendants' efforts in this litigation in acquiring their dismissal resulted in the enforcement of an important public right. Defendants' success conferred a significant benefit on the general public by 1) reaffirming the public's right to use the navigable airspace; 2) saving the ballooning industry in the Coachella Valley; and 3) helping to stop the economic devastation caused to the Coachella Valley by Plaintiff through this lawsuit." JCM filed evidentiary objections to the evidence produced by appellants in support of the motion; the trial court did not rule on those evidentiary objections.

On November 29, 2011, the trial court denied the motion for attorney fees, stating: "A court may award attorneys fees to a successful party where (a) the action has resulted in the enforcement of an important right affecting the public interest; (b) a significant benefit whether pecuniary or nonpecuniary has been conferred on the general public or a large class of persons; and (c) the necessity and financial burden of private enforcement or of enforcement by one public entity against another public entity make the award appropriate (Code Civ. Proc.[, §] 1021.5). [¶] This dispute concerned the defendants['] ability to operate their businesses balloon flights above the property of

4

plaintiff a single property owner. The right to do so though an important right does not affect the public interest [citations]."

Appellants filed notices of appeal from the trial court's order denying their motion for attorney fees under section 1021.5. JCM filed a motion to dismiss the appeals on the ground they were frivolous, and sought sanctions. In December 2012, a panel of the Court of Appeal, Fourth Appellate District, Division Two, denied the motion to dismiss the appeals and ordered that JCM's request for sanctions be decided in conjunction with the decision on appeal. JCM filed a second motion to dismiss on the ground these appeals have not been taken from an appealable judgment or order.

APPEALABILITY

In their notices of appeal, appellants assert that the appeal is taken from the trial court's order denying their motion to recover attorney fees. The right to appeal is conferred by statute. (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) Section 904.1, subdivision (a) lists appealable judgments and orders. These include "an order made after a judgment made appealable by paragraph (1)." (§ 904.1, subd. (a)(2).) Under section 904.1, subdivision (a)(2), postjudgment orders granting or denying motions for attorney fees are deemed to be appealable. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 648; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶ 2:156, p. 2-72.15 (rev. # 1, 2013).)

Although our record shows that JCM filed voluntary requests to dismiss appellants without prejudice, and that the trial court clerk entered their dismissals accordingly, our record does not reflect the entry of a judgment as to any of the appellants. Thus, the order denying the motion for attorney fees would not appear to be directly appealable under section 904.1, subdivision (a)(2) as "an order made after a judgment."

5

The order denying the motion for attorney fees is directly appealable, however, under the collateral order doctrine. The California Supreme Court has stated: "When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken. [Citations.] This constitutes a necessary exception to the one final judgment rule. Such a determination is substantially the same as a final judgment in an independent proceeding. [Citations.]" (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368; see *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119 [an otherwise interlocutory order is directly appealable "if the order is a final judgment against a party in a collateral proceeding growing out of the action"]; *Fish v. Fish* (1932) 216 Cal. 14, 16 [provision of the order in setting compensation for receiver's attorney was "in effect a final judgment against a party in a collateral proceeding growing out of the action"].) Although in *Sjoberg v. Hastorf*, *supra*, 33 Cal.2d at page 119, the California Supreme Court required the order also to "direct the payment of money by appellant or the performance of an act by or against him," as the appellate court in *Henneberque v. City of Culver City* (1985) 172 Cal.App.3d 837, 841, footnote 3, observed, "[s]uch limitation has not been observed in some of the later cases. (See, e.g., *Meehan* [*v.*] *Hopps* (1955) 45 Cal.2d 213 . . . ; *McClearen* [*v.*] *Superior Court* (1955) 45 Cal.2d 852, 856 . . . ; *Spencer* [*v.*] *Spencer* (1967) 252 Cal.App.2d 683, 691 . . . ; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 40, pp. 4053-4055.)"

Here, the order denying the motion for attorney fees qualifies as an appealable collateral order. The order is final because "further judicial action is not required on the matters dealt with by the order." (*Koshak v. Malek* (2011) 200 Cal.App.4th 1540, 1545.) The issue of attorney fees incurred in this case is truly collateral in that it is "distinct and severable" from the subject matter of the underlying litigation. (*Ibid*.)

6

In *Henneberque v. City of Culver City*, *supra*, 172 Cal.App.3d at page 842, the appellate court stated: "A statutory motion for attorney fees [under section 1021.5] is a collateral matter, ancillary to the main cause; it seeks what is due because of the judgment. [Citations.] The same rationale applies to [Eduard] Henneberque's motion for backpay made following the administrative appeal ordered by writ of mandate the issuance of which was the main objective of the within proceeding. The order denying Henneberque's motion for backpay and attorney fees determined the issue of Henneberque's entitlement to such relief; no further judicial action was required to give effect to that determination. Accordingly, the order is appealable."

Having concluded the order denying appellants' motion for prevailing party attorney fees under section 1021.5 constituted an appealable collateral order, we deny JCM's motion to dismiss, and turn to the merits of the appeals.

DISCUSSION

I.

STANDARD OF REVIEW, BURDEN OF PROOF, AND SECTION 1021.5

"On appeal from an award of attorney fees under section 1021.5, '"the normal standard of review is abuse of discretion. . . ."' [Citations.]" (*Serrano v. Stefan Merli Plastering Co., Inc.* (2011) 52 Cal.4th 1018, 1025-1026.) "'The burden is on the claimant to establish each prerequisite to an award of attorney fees under section 1021.5.'" (*Samantha C. v. State Dept. of Developmental Services* (2012) 207 Cal.App.4th 71, 78.)

"'[S]ection 1021.5 is an exception to the general rule in California, commonly referred to as the American rule and codified in section 1021, that each party to a lawsuit must ordinarily pay his or her own attorney fees.'" (*Azure Ltd. v. I-Flow Corp.* (2012) 207 Cal.App.4th 60, 66.) "Section 1021.5 authorizes an award of fees when (1) the action 'has resulted in the enforcement of an important right affecting the public

7

interest,' (2) 'a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons . . . ,' and (3) 'the necessity and financial burden of private enforcement . . . are such as to make the award appropriate.'" (*Serrano v. Stefan Merli Plastering Co., Inc.*, *supra*, 52 Cal.4th at p. 1026.)[2]

Section 1021.5 "permits an award '"in any action which has resulted in the enforcement of *an important right affecting the public interest*" regardless of its source— constitutional, statutory or other.' [Citation.]" (*Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 683.) "The enforcement of an important right affecting the public interest implies that those on whom attorney fees are imposed have acted, or failed to act, in such a way as to violate or compromise that right, thereby requiring its enforcement through litigation." (*Adoption of Joshua S.* (2008) 42 Cal.4th 945, 956.) "In enacting Code of Civil Procedure section 1021.5, 'the Legislature was focused on public interest litigation in the conventional sense: litigation designed to promote the public interest by enforcing laws that a governmental or private entity was violating, rather than private litigation that happened to establish an important precedent.'" (*Norberg v. California Coastal Com.* (2013) 221 Cal.App.4th 535, 541.)

II.

THIS LAWSUIT DID NOT INVOLVE THE ENFORCEMENT OF AN IMPORTANT RIGHT
AFFECTING THE PUBLIC INTEREST, WITHIN THE MEANING OF SECTION 1021.5

Here, the trial court denied the motion for attorney fees under section 1021.5, on the ground this lawsuit did not result in the enforcement of an important right affecting the public interest. The court did not abuse its discretion by

---

[2] Section 1021.5 provides in relevant part: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."

8

reaching that conclusion. JCM's complaint was based on allegations of appellants' (and other defendants') conduct of flying hot air balloons at unreasonably low levels and in violation of federal regulations. The complaint alleged that conduct resulted in, inter alia, noise, a diminution of the value of JCM's property, and safety hazards. The causes of action in the complaint were for nuisance, injunctive relief, trespass, abatement of nuisance, unjust enrichment, equitable indemnity, and declaratory relief. The complaint reflected a private dispute between JCM and the named defendants, and did not implicate an important right affecting the public interest within the meaning of section 1021.5.

In their opening brief, appellants argue that their "successful defense of JCM's lawsuit vindicated the important public right of using airspace by defeating JCM's effort to alter the standard under which the federal government evaluates allegedly illegal flights." (Boldface, underscoring, & some capitalization omitted.) Appellants further argue that JCM added the federal defendants as Doe defendants because appellants were displeased with the federal defendants' investigation into appellants' and other defendants' ballooning activities, including the standard of proof of "incontestable evidence" that was applied to the consideration whether federal regulations had been violated. Appellants' argument continues: "In suing the federal defendants with respect to their handling of JCM's administrative claims against the balloonists, JCM sought at least to prevent the FAA [(Federal Aviation Administration)] from establishing a particular standard of review—uncontested evidence—that would apply to all balloon flights over private property. JCM challenged the FAA's policy in reviewing and acting upon complaints about allegedly non-compliant balloon flights. In successfully defending against JCM's claims, the balloonists, the *sine qua non* of JCM's efforts to establish federal policy, avoided establishment of an FAA standard less stringent than the uncontested evidence standard and more favorable to property owners, and thus protected the right of balloonists to use public airspace unless the appropriate regulatory authorities are presented to their satisfaction with evidence that the use is illegal."

9

The characterization of the litigation presented in the opening brief does not describe the proceedings in our record. That the federal defendants became defendants in this lawsuit by the filing of form Doe defendant amendments (and were voluntarily dismissed from the action less than one month later), does not convert this private dispute about the altitude of appellants' hot air balloon operations into an important right affecting the public interest. JCM did not amend the complaint to add allegations regarding the federal defendants' handling of JCM's complaint with the Federal Aviation Administration. In any event, appellants did not raise the federal defendants' role in this action or JCM's dispute with the federal authorities' standard of proof, in either their moving or reply papers filed in the trial court with regard to the motion for attorney fees.[3] Instead, in their motion, appellants argued they enforced an important right affecting the public interest by "1) reaffirming the public's right to use the navigable airspace; 2) saving the ballooning industry in the Coachella Valley; and 3) helping to stop the economic devastation caused to the Coachella Valley by Plaintiff through this lawsuit."

Appellants also argue in their opening brief: "Whether the balloonists' successful defense vindicated an important right affecting the public interest is only one of five factors that must be satisfied for a fee award. And yet, the Superior Court did not opine at all with respect to any of the other four factors . . . even though the parties briefed each of them." The trial court did not need to analyze whether the other requirements for a section 1021.5 attorney fee award were satisfied after determining that

---

[3] At the hearing on the motion for attorney fees, appellants' counsel referenced the federal defendants, stating: "Also like to point out this case affected the public interest, and that the plaintiff didn't limit [its] case to balloon pilots, balloon operators, balloon support, but turned around and sued the United States Government, the Department of Transportation, Ray LaHood, secretary of the Department of Transportation. [¶] And so [it] pursued obvious interests that affect[] the general public and community. So, for that reason, this case did vindicate an important right of the community by stopping this case from moving forward."

10

one of them—that the action enforced an important right affecting the public interest—had not been satisfied, and neither do we.

In their opening brief, appellants contend: "Further supporting a remand after reversal here is the lack of any ruling by the Superior Court with respect to the evidentiary objections filed by JCM. . . . Without any inkling as to what evidence the Superior Court did or did not consider in weighing the various factors informing a fee award under section 1021.5, it is impossible to know how the Superior Court would have ruled on the other factors. The lack of any ruling on the evidentiary objections only aggravates the uncertainty posed by the Superior Court's silence with respect to those factors." But, appellants do not identify any particular evidentiary objection or identify how the trial court's ruling one way or the other might have affected the court's conclusion that JCM's lawsuit did not result in the enforcement of an important right affecting the public interest within the meaning of section 1021.5. In any event, the record does not show the trial court struck any evidence submitted in support of or in opposition to the motion for attorney fees.

JCM'S REQUESTS FOR JUDICIAL NOTICE

On November 6, 2012, JCM filed a motion for judicial notice requesting that this court take judicial notice of (1) five California Penal Code sections; (2) a "Magical Adventures 'Release' of Liability Form from its official website"; (3) "[p]ublished news articles documenting the widespread knowledge of inherent dangers associated with hot air ballooning, all dated in 2012"; and (4) the "National Transportation Safety Board Factual Report Aviation for Accident of April 13, 2007 . . . (Report of fatal accident of hot air balloon launched near the subject property of Respondent, JCM Farming, Inc.)."

On September 4, 2013, JCM filed a second request for judicial notice in which it requested that this court take judicial notice of a document described as follows:

11

"Coachella Valley Farm Watch Report uploaded on June 22, 2013 of possible criminal activity by balloonists in the Coachella Valley between November 2012 and March 2013 filed by a member of the California Rural Crime Prevention [T]ask Force at: http://farmwatch.blogsport.com/2013/06/coachella-valley-farm-watch-report.html." (Boldface omitted.)

On November 14, 2013, JCM filed a third request for judicial notice, purportedly in support of its supplemental brief on whether these appeals are from an appealable order or judgment, in which JCM requested that this court take judicial notice of a "[r]esearch [a]rticle" entitled "Hot-Air Balloon Tours:  Crash Epidemiology in the United States, 2000-2011" and a newspaper article entitled "4 Hurt in Temecula Hot Air Balloon Explosion."

Judicial notice is not required for this court to consider California statutes. We deny each of JCM's requests for judicial notice because the materials are irrelevant to our decision on appeal.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1089, fn. 4 [appellate court will not take judicial notice of irrelevant material].)

MOTION FOR SANCTIONS

JCM seeks monetary sanctions against appellants and their counsel on the ground appellants' motion seeking attorney fees under section 1021.5 and its supporting evidence were "replete with fraud and misrepresentations" with regard to the amount of attorney fees incurred in this action.  JCM argued that appellants' appeals from the denial of that motion are therefore frivolous.

"An appeal is frivolous 'when it is prosecuted for an improper motive . . . or when it indisputably has no merit.'"  (*Delaney v. Dahl* (2002) 99 Cal.App.4th 647, 661.)  The issue presented in these appeals is whether the trial court abused its discretion by denying the motion for attorney fees.  We do not reach the issue whether the amount of attorney fees sought by appellants was supported by competent evidence.  Although

12

we are affirming the denial of the motion for attorney fees, appellants briefed the matter well and raised good points.  We conclude the appeals were not prosecuted for an improper motive and were not indisputably without merit.  (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 646, 650; *Delaney v. Dahl*, *supra*, at p. 661 ["Meritless is not the same as frivolous"].)  JCM's motion for sanctions is denied.

## DISPOSITION

The order is affirmed.  Respondent shall recover costs on appeal.

FYBEL, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.